MORRIS LAW GROUP
Ryan M. Lower, No. 9108
Email: rml@morrislawgroup.com
Raleigh C. Thompson, No. 11296
Email: rct@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 474-9400

BABST, CALLAND, CLEMENTS &
 ZOMNIR, P.C.
James D. Miller (*pro hac vice*)
Email: jmiller@babstcalland.com
Two Gateway Center, 6th Floor
Pittsburgh, PA 15222
Telephone: (412) 394-5400

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SERVICELINK NLS, LLC, | Case No. 2:16-cv-00005-APG-GWF |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| COOPER CASTLE LAW FIRM, LLC d/b/a COOPER CASTLE LAW FIRM LLP, CAREN CASTLE, LAWRENCE CASTLE, AND AARON WAITE, | |
| Defendants. | |

1. **PURPOSES AND LIMITATIONS**

   Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties

acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## 2. "CONFIDENTIAL" MATERIAL

"Confidential" material may include the following documents and tangible things produced or otherwise exchanged[1]:

- Information regarding the financial affairs of the defendants including, without limitation, income, expenses, and bank account information;
- Information protected by Federal Rule of Civil Procedure 5.2;
- Information subject to confidentiality agreements with non-parties or any pre-existing confidentiality agreements between the parties;
- Information that qualifies as a "trade secret" pursuant to the law of the jurisdiction where the trade secret was created, is stored or maintained; and
- Commercial information that is treated as confidential by the producing party and harm to the producing party's business interests may reasonably result if disclosure is not limited to certain individuals in accordance with this Order;

---

[1] These enumerated categories do not prejudice any party from challenging a confidentiality designation pursuant to Section 6 of this Order on the basis that confidential protection is not warranted, even if the information falls within one of the enumerated categories.

2

- Information appropriately marked as "Confidential" pursuant to the terms of this Order.

3. **SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. **ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1 **Basic Principles.** A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary

3

for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

   (c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (d) the court, court personnel, and court reporters and their staff;

   (e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

   (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

   (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   (h) other parties, or counsel of record for other parties, in this lawsuit who have stipulated to this Order or whose clients are subject to this Order (this exception does not include confidential information or statements made or exchanged in connection with a mediation or settlement to the extent they are considered privileged or protected from discovery under federal or state law); or

      (i)    a Mediator and the Mediator's staff or other Dispute Resolution professional who signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) in order to conduct a mediation between some or all of the parties.

**4.3**    <u>**Filing Confidential Material**</u>.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall make reasonable effort to confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

**5.**    <u>**DESIGNATING PROTECTED MATERIAL**</u>

**5.1**    <u>**Exercise of Restraint and Care in Designating Material for Protection**</u>.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the

designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    **5.2**    **Manner and Timing of Designations.** Except as otherwise provided in this agreement (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

    (a)    Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

    (b)    <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

    (c)    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

    **5.3**    **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not,

standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

   6.1   **Timing of Challenges.** Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   6.2   **Meet and Confer.** The parties must make reasonable effort to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged, or reasonably attempted to engage, in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

   6.3   **Judicial Intervention.** If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to

sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION, OR REQUESTED BY ANY NEW PARTY TO THIS LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

If any additional parties are added into this litigation and they request access or copies of CONFIDENTIAL material, those additional parties shall be subject to each and every of the restrictions on such CONFIDENTIAL information set forth herein.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized

8

disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

**10.   NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

DATE: December 14, 2016

| MORRIS LAW GROUP | REISMAN SOROKAC |
|---|---|
| By /s/ Ryan M. Lower<br>   Ryan M. Lower, No. 9108<br>   Raleigh C. Thompson, No. 11296<br>   900 Bank of America Plaza<br>   300 South Fourth Street<br>   Las Vegas, Nevada 89101 | By /s/ Robert R. Warns, III<br>   Joshua H. Reisman, No. 7152<br>   Glenn M. Machado, No. 7802<br>   Robert R. Warns, III, No. 12123<br>   8965 S. Eastern Avenue #382<br>   Las Vegas, Nevada 89123 |
| James D. Miller (*pro hac vice*)<br>BABST, CALLAND, CLEMENTS &<br>   ZOMNIR, P.C.<br>Two Gateway Center, 6th Floor<br>Pittsburgh, PA 15222<br><br>Attorneys for Plaintiff | Phillip A. Vaglica (*pro hac vice*)<br>VAGLICA & ASSOCIATES, LLC<br>6782 Potomac St.<br>Centennial, Colorado 80112<br><br>Attorney for Defendants<br>Cooper Castle Law Firm, LLC<br>d/b/a Cooper Castle Law Firm<br>LLP, Caren Castle, Lawrence<br>Castle, and Aaron Waite |

## ORDER

IT IS SO ORDERED.

/s/ George Foley Jr.
UNITED STATES MAGISTRATE JUDGE

DATE: December 15, 2016

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada in the case of *ServiceLink NLS, LLC v. Cooper Castle Law Firm, LLC et al.*, 2:16-cv-00005-APG-GWF.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Amended Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed: _____

Printed name: _____

Signature:_____

11